UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAMON J. PARKER                                                          PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:19-CV-P345-GNS

COMMONWEALTH OF KENTUCKY                            DEFENDANT

## MEMORANDUM OPINION

Plaintiff Damon J. Parker filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate at the Louisville Metro Department of Corrections. He names as Defendant the Commonwealth of Kentucky. He states, "I've been doing time off and on for a childsupport case that should have been over with 3 years." He states that he was convicted in 2013 for flagrant nonsupport, given a "three year sentence on probation for a 5 year state time sentence in prison," and completed his probation without any violation. However, he states that, even though his probation should be up, he is still on probation. He further states that adding up all the jail time he has done, "it's almost 4 years dead jail time that has not been counted for anything towards this case. Basically all my time together is like a 10 year sentence for a 3 year sentence." He states, "This is wrong and it's violating my constitutional rights."

As relief, Plaintiff requests monetary and punitive damages and injunctive relief of "records expunged clean."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff names only the Commonwealth of Kentucky as Defendant. However, the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits brought directly against the states themselves. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST., amend. XI. Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility.

*Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" *Id.* (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

There are essentially three exceptions to the rule cited above: (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex Parte Young,* 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations. *See Barton,* 293 F.3d at 948. None of these exceptions exist in this case. The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ).

Therefore, Plaintiff's action against the Commonwealth of Kentucky for damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking relief from a defendant who is immune from such relief.

Plaintiff also asks this Court to expunge his criminal record. He, therefore, seeks an immediate or speedier release from imprisonment. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The § 1983

3

claim for equitable relief, therefore, cannot lie. Accordingly, the claim for expungement of Plaintiff's criminal record will be dismissed.

In the event that Plaintiff wishes to file a petition for writ of habeas corpus challenging the length or duration of his sentence, the Clerk of Court is **DIRECTED** to send a 28 U.S.C. § 2254 packet to Plaintiff.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: July 15, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.009